**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN FRIED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTSONS COMPANIES, INC.,<br><br>Defendant. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff, Jonathan Fried ("Plaintiff"), brings this action against Defendant, Albertsons Companies, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a class action under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. Defendant is a corporation that operates grocery stores and related retail services across the United States.

4. To promote its goods and services, Defendant engages in aggressive sales campaigns, including text messages sent to consumers via short code number 48687, with no regard for consumers' rights under the TCPA, even after customers opt out from Defendant's text messages.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the Classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA,

which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Northern District of California and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such communications have occurred within this district, subjecting Defendant to jurisdiction in the Northern District of California.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of San Mateo County, California.

9. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 0650 (the "0650 Number") that received Defendant's text messages.

10. Defendant Albertsons Companies, Inc. is an Idaho corporation whose principal place of business is at 250 E Parkcenter Blvd, Boise, Idaho 83706.

11. Defendant directs, markets, and provides its business activities throughout the United States, including the State of California.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

13. Beginning at least in October 2024, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 0650 Number from Defendant's short code number 48687.

14. Plaintiff began receiving text messages from Defendant on or about October 2024, including, but not limited to, messages sent on October 1, 2024, October 2, 2024, October 9, 2024, October 16, 2024, October 25, 2024, November 5, 2024, November 7, 2024, March 7, 2026, March 14, 2026, and May 10, 2026, as shown below:


4:21
402
48687
Text Message · SMS
Oct 1, 2024 at 12:47 PM
Albertsons Companies Inc: Welcome to Offers&Promo txts from our family of stores. Msg freq varies. Reply STOP to cancel, HELP for help. Msg&data rates may apply
Oct 2, 2024 at 9:45 AM
Safeway: SMS exclusive perk alert! We just loaded 500 bonus points to your account. Enjoy! https://safeway.onelink.me/kO9l/41auowi0 Txt STOP 2 end
Oct 9, 2024 at 8:55 AM
Safeway: Your Weekly Ad is here! 🎉 Check out this week's deals online or in the app. New each Wednesday! 👈 https://safeway.onelink.me/kO9l/bc882rbg Txt STOP 2 end
Oct 16, 2024 at 8:28 AM
See your Safeway Weekly Ad on the go!
Text Message · SMS


4:21
402
48687
Oct 16, 2024 at 8:28 AM
See your Safeway Weekly Ad on the go!
SAFEWAY
The Weekly Ad
SHOP AND SAVE
Clip Coupons
Safeway: Your new weekly ad is out! Reply SAFEWAYWEEKLYAD to view and receive your weekly ad by text every week. http://safeway.smsurl.co/US1l0nG
Txt STOP to end, HELP for help. Msg&DataRatesMayApply
Oct 25, 2024 at 3:29 AM
Safeway: Get free wellness tools & (trick or) treat yourself to $10 off groceries! 🎃 https://
Text Message · SMS


4:21
5G
402
48687
Txt STOP to end, HELP for help. Msg&DataRatesMayApply
Oct 25, 2024 at 3:29 AM
Safeway: Get free wellness tools & (trick or) treat yourself to $10 off groceries! https://safeway.onelink.me/kO9l/mjlvricr Txt STOP 2 end
Nov 5, 2024 at 3:24 PM
Shop early at Safeway & gobble up the savings
Safeway: Shop early for Thanksgiving essentials and find deals on what you need. Check out your deals HERE http://safeway.smsurl.co/uH2b30n Shop early for Thanksgiving essentials and find deals on what you need. Shop all Thanksgiving HERE http://safeway.smsurl.co/rK1zEJY
Txt STOP to end, HELP for help. Msg&DataRatesMayApply
Text Message • SMS


4:21
5G
402
48687
Nov 7, 2024 at 1:23 PM
Safeway: Limited-Time Deal: FreshPass® 50% Off Holiday savings! Only $49 for your 1st annual subscription! Enjoy free delivery, premium perks + more! Thru 12/10 http://safeway.smsurl.co/Z8xwhO7 Txt STOP to end, HELP for help. Msg&DataRatesMayApply
Sat, Mar 7 at 3:05 PM
Albertsons Companies Inc: Want to receive recurring marketing texts? Reply YES to subscribe to recurring mktg texts from Albertsons Companies and it's banners. Consent not req'd for purchase. Freq varies. Msg&Data rate may apply. Txt STOP to end. By replying YES, you agree to our Terms of Use: https://albertsons.onelink.me/wdzy/ezy9ilsn including that disputes will be arbitrated.
Text Message • SMS


4:21
5G
402
48687
Sat, Mar 14 at 2:20 PM
Albertsons Companies Inc: Want to receive recurring marketing texts? Reply YES to subscribe to recurring mktg texts from Albertsons Companies and it's banners. Consent not req'd for purchase. Freq varies. Msg&Data rate may apply. Txt STOP to end. By replying YES, you agree to our Terms of Use: https://albertsons.onelink.me/wdzy/ezy9ilsn including that disputes will be arbitrated.
Sun, May 10 at 12:31 PM
Albertsons Companies Inc: Want to receive recurring marketing texts? Reply YES to subscribe to recurring mktg texts from Albertsons Companies and it's banners. Consent not req'd for purchase. Freq varies. Msg&Data rate may apply. Txt STOP to end. By replying YES, you agree to our Terms of Use: https://albertsons.onelink.me/wdzy/ezy9ilsn including that disputes will be arbitrated.
Text Message • SMS

15. On May 10, 2026, Plaintiff sent Defendant an opt-out message stating "Stop." Defendant confirmed receipt of Plaintiff's opt-out request, stating: "Albertsons Companies Inc. confirmation: You've opted out and will not receive Offers&Promo text messages. For help call 1-877-505-4040. Msg&data rates may apply," as shown below:




16. Despite Defendant's confirmation, Plaintiff received another text message from Defendant on May 11, 2026 (as shown above).

17. On May 11, 2026, Plaintiff again sent Defendant an opt-out message stating "Stop." Defendant confirmed receipt of Plaintiff's opt-out request that same day (as shown above).

18. Despite Plaintiff's clear and repeated opt-out requests, Defendant continued sending text messages to Plaintiff, including a message sent on May 16, 2026.



19. Plaintiff registered the 0650 Number with the National Do Not Call Registry on or about December 22, 2023, and said number has been continuously registered at all times relevant to this action.

20. Despite Plaintiff's 0650 Number being registered on the National Do Not Call Registry for at least thirty days prior to Defendant's text messages, Defendant sent or caused to be sent telemarketing text messages to Plaintiff's 0650 Number, in violation of 47 C.F.R. § 64.1200(c).

21. Defendant has the capability of immediately complying with Plaintiff's opt-out requests and of refraining from sending text messages to numbers listed on the National Do Not Call Registry.

22. As demonstrated above, Defendant does not honor reasonable consumer requests to opt out of text message solicitations and does not honor the National Do Not Call Registry.

23. Defendant's refusal to honor opt-out requests and to respect the National Do Not Call Registry demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

24. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

25. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's explicit opt-out instructions.

26. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

27. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

28. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff, as reflected by the fact that Plaintiff made opt-out requests and those requests were ignored by Defendant, and Defendant continued to send text messages.

29. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt out of future communications are honored within a reasonable time.

30. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

31. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's grocery and retail products and services.

32. The information contained in the text messages advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

33. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(1).

34. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(2).

35. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

36. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

37. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

38. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

39. Plaintiff has no existing business relationship with Defendant.

40. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least May 10, 2026, when Plaintiff sent the message "Stop."

41. Plaintiff is the subscriber and sole user of the 0650 Number and is financially responsible for phone service to the 0650 Number.

42. Plaintiff's telephone number is his residential number which he uses for personal purposes.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. The text messages originated from at least short code number 48687, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

45. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

46. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion,

trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

47. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

48. Additionally, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

49. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

50. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.**
>
> **National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) received at least two text messages within any 12-month period; (2) from Defendant or on Defendant's behalf; (3) for the purpose**

**of promoting Defendant's products and services; (4) to the person's personal telephone number; (5) while Defendant did not institute procedures that met the minimum standards required by 47 C.F.R. § 64.1200(d)(1)-(6).**

51. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the Class members number in the several thousands, if not more.

52. Also excluded from the Classes are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

**Numerosity**

53. Upon information and belief, Defendant has placed violative text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

54. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**Common Questions of Law and Fact**

55. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant initiated text messages solicitations to Plaintiff and the Class members;

b) Whether Defendant violated 47 C.F.R. § 64.1200(c);

c) Whether Defendant violated 47 C.F.R. § 64.1200(d);

d) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

e) Whether Defendant keeps records of text recipients who revoked consent to receive texts;

f) Whether Defendant has any written policies for maintaining an internal do not call list

g) Whether Defendant's conduct was knowing and willful; and

h) Whether Defendant is liable for damages, and the amount of such damages.

56. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely transmits text message solicitations to consumers after they had requested to be opted out are accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

57. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**Protecting the Interests of the Class Members**

58. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**Proceeding Via Class Action is Superior and Advisable**

59. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain Class members are not parties to such actions.

**COUNT I**

**VIOLATION OF 47 U.S.C. § 227(c)**

**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

61. Plaintiff re-alleges and incorporates paragraphs 1 through 60 as if fully set forth herein.

62. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

63. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations

prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one communication in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

66. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT II

## VIOLATION OF 47 U.S.C. § 227(c)(5)

**(On Behalf of Plaintiff and the National Internal Do Not Call Class)**

67. Plaintiff re-alleges and incorporates paragraphs 1 through 60 as if fully set forth herein.

68. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may "bring a private action based on a violation of said regulations, which were promulgated to protect telephone

subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

69. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded- voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior

> express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

70. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

71. Plaintiff and the National Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

72. Defendant failed to honor Plaintiff's and the National Internal Do Not Call Class members' requests.

73. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant, pursuant to 47 C.F.R. § 64.1200(d).

74. Because Plaintiff and the National Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

75. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the National Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

76. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the National Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

77. Defendant knew or should have known that continuing to send telemarketing text messages after receiving Plaintiff's explicit demands to "STOP" violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

78. Because Defendant knew or should have known that Plaintiff's and Class Members' explicit opt-out demands were being ignored, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Classes pursuant to § 227(c)(5) of the TCPA.

79. Plaintiff and the National Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

80. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry and made without express written consent, and to otherwise protect the interests of the Classes;

d. An award of actual and statutory damages for Plaintiff and each member of the Classes;

e. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the text messages as alleged herein.

Dated: November 6, 2026

Respectfully submitted,

**EDELSBERG LAW, P.A.**
/s/ Scott Edelsberg
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and the Classes*